UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR KRAUSS,<br><br>        Plaintiff,<br><br>   v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES LLC, et al.,<br><br>        Defendants. | Case No. 3:23-cv-04511-JSC<br><br>**ORDER TO DEFENDANTS TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

Plaintiff, who is now representing himself, sued Defendants in Contra Costa Superior Court alleging state law claims challenging the foreclosure of his home. Defendants removed the case to federal court based on 28 U.S.C. §§ 1331, 1441(a) alleging federal question jurisdiction. Having reviewed the Notice of Removal and the underlying Complaint, the Court has concerns regarding its subject matter jurisdiction and Defendants are ordered to show why this action should not be remanded for lack of subject matter jurisdiction.

**DISCUSSION**

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal quotation marks and citations omitted). Indeed, even if no party raises a concern about subject matter jurisdiction, federal courts must sua sponte address the issue unless it is satisfied that subject matter jurisdiction exists. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

1  A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises under" federal law only if a "well-pleaded complaint" alleges a cause of action based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

Here, Defendants base removal on federal question jurisdiction.  However, the removed Complaint makes only state law claims.  Defendants' Notice of Removal asserts federal question jurisdiction because "plaintiff alleges at paragraphs 31, 69, and 80 of the Complaint that Defendants have violated Title 15 U.S.C. Section 1641(g) concerning alleged violation of federal law relating to the assignment of a loan."  (Dkt. No. 1 at ¶ 7.)  Plaintiff, however, does not allege a claim under Section 1641(g).  "[T]he mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Easton v. Crossland Morga. Corp.*, 214 F.3d 979, 982 (9th Cir. 1997); *see also Chourhuri v. Wells Fargo Bank, N.A.*, 2016 WL 3212454, at *1 (N.D. Cal. June 10, 2016) (complaint's "several references to federal law or programs[,]" including the TILA, were not "sufficient to create federal question jurisdiction[ ]").

Accordingly, Defendants are ORDERED TO SHOW CAUSE as to why this action should not be remanded to the Contra Costa Superior Court.  Defendants shall show cause in writing by November 30, 2023.

Plaintiff need not file a response to this Order; however, because Plaintiff is not represented by counsel, he may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982. At the Legal Help Center, Plaintiff will be able to speak with an attorney who may be able to provide free basic legal help but not representation.

The December 7, 2023 initial case management conference is VACATED pending disposition of this Order to Show Cause. The Court continues to hold Defendants' motion to dismiss in abeyance pending disposition of this Order to Show Cause.

**IT IS SO ORDERED.**

Dated: November 8, 2023

JACQUELINE SCOTT CORLEY
United States District Judge