UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR KRAUSS,<br><br>        Plaintiff,<br><br>    v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES LLC, et al.,<br><br>        Defendants. | Case No. 3:23-cv-04511-JSC<br><br>**ORDER REMANDING ACTION TO CONTRA COSTA SUPERIOR COURT**<br><br>Re: Dkt. Nos. 25, 26 |

Plaintiff, who is now representing himself, sued Defendants in Contra Costa Superior Court alleging state law claims challenging the foreclosure of his home. Defendants removed the case to federal court based on 28 U.S.C. §§ 1331, 1441(a) alleging federal question jurisdiction. Because the Court had concerns regarding its subject matter jurisdiction, the Court ORDERED Defendants to show cause as to why this action should not be remanded. (Dkt. No. 25.) Having reviewed Defendants' response to the Order to Show Cause (Dkt. No. 26), the Court concludes subject matter jurisdiction is lacking and REMANDS this action to the Superior Court for Contra Costa County.

**DISCUSSION**

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal quotation marks and citations omitted). Indeed, even if no party raises a concern about subject

1  matter jurisdiction, federal courts must sua sponte address the issue unless it is satisfied that
2  subject matter jurisdiction exists. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

3        A defendant may remove an action from state court to federal court so long as the federal
4  court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28
5  U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in
6  excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil
7  action to arise under the constitution, laws, or treaties of the United States. A claim "arises under"
8  federal law only if a "well-pleaded complaint" alleges a cause of action based on federal law—"an
9  actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556
10 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal
11 is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial
12 Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal
13 jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."
14 *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992); *see also* 28 U.S.C. § 1447(c) ("If at any time
15 before final judgment it appears that the district court lacks subject matter jurisdiction, the case
16 shall be remanded.")

17       Here, Defendants removed based on federal question jurisdiction. However, the removed
18 Complaint makes only state law claims. Defendants' Notice of Removal asserts federal question
19 jurisdiction because "plaintiff alleges at paragraphs 31, 69, and 80 of the Complaint that
20 Defendants have violated Title 15 U.S.C. Section 1641(g) concerning alleged violation of federal
21 law relating to the assignment of a loan." (Dkt. No. 1 at ¶ 7.) Plaintiff, however, does not allege a
22 claim under the Truth in Lending Act (TILA), Section 1641(g).

23       In response to the Court's Order to Show Cause, Defendants contend Plaintiff's eighth
24 claim, which alleges a violation of California's Unfair Competition Law (UCL), Business and
25 Professions Code § 17200, et seq., "is premised in part on Defendants' purported violation of
26 TILA." (Dkt. No. 26 at 2 (citing Complaint at ¶ 80).) Paragraph 80 of the Complaint states:

27           RLMS DEFENDANT and EFR DEFENDANT's business practices
          of failing to advise homeowners in writing within 30 days that his
28           Deed of Trust was transferred or assigned to a third party, and that it

United States District Court
Northern District of California

>is the new owner or assignee of the debt is illegal in violation of Title 15 U.S.C. § 1641(g).

(Dkt. No. 1-1 at ¶ 80.) Notably, TILA is not listed in the preceding paragraph which lists how Defendants "violated the 'unfair,' 'unlawful,' and 'fraudulent' prongs of the UCL resulting in injury and economic loss to PLAINTIFF." (*Id*. at ¶ 79.) However, even if TILA was listed as one of the ways in which Defendants violated the UCL it would not be sufficient to raise a federal question for purposes of 28 U.S.C. § 1331.

There are two ways a case "aris[es] under" federal law for the purpose of 28 U.S.C. § 1331. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). "Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). "[T]his 'creation' test admits of only extremely rare exceptions...." *Id.* When the cause of action is asserted under state law, the Supreme Court has "identified a 'special and small category' of cases in which arising under jurisdiction still lies." *Id*. at 258 (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). Such a rare case must satisfy the following four-part test:

>[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, ... jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

*Id*. (quoting *Grable*, 545 U.S. at 313).

There is no basis for federal question jurisdiction here. Plaintiff does not allege a federal claim and his UCL claim does not meet *Grable's* four-part test to find a state law claim arises under federal law. First, the "necessarily raised" prong is not satisfied because Plaintiff could prevail on his UCL claim without relying on federal law. *See Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." (quoting *Rains v. Criterion Sys., Inc*., 80 F.3d 339, 346 (9th Cir. 1996))). The UCL claims alleges

3

several state law theories. (*See, e.g.,* Dkt. No. 1-1 ¶ 79(e)). Second, the "substantial" prong is not met because the federal issues presented are not sufficiently important as to "the federal system as a whole." *See Gunn*, 568 U.S. at 275 at 260; *see also Pangilinan v. Downey Sav. & Loan Ass'n*, No. C-11-2016 EMC, 2011 WL 2837587, at *4 (N.D. Cal. July 18, 2011) ("There is nothing to indicate, for instance, that the resolution of any TILA question would be 'controlling in numerous other cases.' ... Indeed, the complaint in the instant case indicates that any TILA question would likely be 'fact-bound and situation-specific.'" (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006)). Nor have Defendants demonstrated there is a dispute regarding the meaning or construction of TILA. Finally, the assertion of federal question jurisdiction would "disrupt[ ] the federal-state balance approved by Congress." *See Gunn*, 568 U.S. at 275 at 260; *see also Nevada*, 672 F.3d at 676 ("Here, unlike in *Grable*, exercising federal question jurisdiction would have more than a 'microscopic effect on the federal-state division of labor.' State courts frequently handle state-law consumer protection suits that refer to or are predicated on standards set forth in federal statutes. Exercising federal question jurisdiction over any state law claim that references a federal consumer protection statute would 'herald a potentially enormous shift of traditionally state cases into federal courts.'" (quoting *Grable*, 545 U.S. at 315) (cleaned up). Plaintiff's UCL claim does not arise under federal law.

Defendants have thus failed to meet their burden of demonstrating removal based on federal question jurisdiction was proper here.

## CONCLUSION

For the reasons stated above, the Court REMANDS this action to the Contra Costa Superior Court.

**IT IS SO ORDERED.**

Dated: December 8, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

4